## A. P. RYDING v. CARL HANSON.

(152 N. W. 120.)

Plaintiff impounded three certain cows and notified the owner that he could have same by paying $25 damages and costs.

Thirteen days later the owner, this defendant, offered plaintiff $25, which was refused. After a trial in justice court an appeal was taken to district court, wherein plaintiff was awarded $25 damages, besides interest and costs.

**Pounds — impounding — damages and costs — tender — offer of payment — time of — debt — how extinguished by.**

Held, that the offer made by defendant did not extinguish the debt nor constitute and offer of judgment for that amount. Plaintiff is entitled to costs in lower court.

Opinion filed March 17, 1915.   Rehearing denied April 10, 1915.

Appeal from the District Court of Pierce County, *Burr, J.*
Affirmed.

*L. R. Nostdal,* for appellant.

Notice of damages claimed as resulting from trespass of animals must be given to the owner of such animals before the commencement of action.   No such notice was given.   Pol. Codes, § 1942, article 9, chap. 24; Ugland v. Farmers' & M. State Bank, 23 N. D. 536, 137 N. W. 572; Code Civ. Proc. chap. 44.

The effect of tender and deposit is to discharge the debt.   Ugland v. Farmers' & M. State Bank, 23 N. D. 536, 137 N. W. 572; 11 Cyc. pp. 73, 75, 79 & 80, ¶ 2.

*Torson V. Wenzel,* for respondent.

Costs are in the discretion of the court in such cases.   Rev. Codes 1905, § 7179, Comp. Laws 1913, § 7795.

Clerk must tax and insert costs upon application of successful party. Rev. Codes 1905, § 7184, Comp. Laws 1913, § 7800.

The question was properly before the court upon the order to show cause.   Rev. Codes 1905, §§ 7182 &.7186, Comp. Laws 1913, §§ 7798, 7802.

The clerk has no authority to enter judgment other than has been ordered.   N. D. Laws 1905, §§ 7179, 7182, 7184 & 7186, Comp. Laws 1913, §§ 7795, 7798, 7800, 7802; Ramaley v. Ramaley, 69 Minn. 491, 72 N. W. 694; Beem v. Palmer, 97 Mich. 491, 56 N. W. 760.

In determining whether a recovery is more favorable than an offer, interest to the time of the tender must be included.   11 Cyc. 76 (D–2*), 80 (2).

BURKE, J.   On the 1st of August, 1910, plaintiff impounded three cows belonging to the defendant, claiming that they had trespassed upon and damaged his crops.   The next day he sent to the defendant the following letter:

Rugby, N. D., August 2, 1910.

Carl Hanson:—

You are hereby notified that I have three of your cows taken on my land.   When you pay me $25 damages and costs to date, you can have the cows.

A. P. Ryding.

August 15th the defendant offered plaintiff $25 and, upon the offer being refused, deposited the same in the Security Bank of Rugby, and caused notice of the deposit to be served upon plaintiff at 12:10 p. m. August 15, 1910. August 19, 1910, plaintiff served upon defendant a new notice claiming damages in the sum of $50 and expenses of keeping the said cows, amounting to $15, which $65 was demanded to be paid at once. This was served on defendant by the sheriff, who requests $3.35 for such service. August 22, 1910, summons was issued in justice court and plaintiff recovered the sum of $40 and costs. Appeal was taken to the district court, where a jury awarded plaintiff the sum of $25 *and costs*. Plaintiff then insisted that the amount of his judgment, interest, and costs be taxed in his favor, while defendant strenuously insisted that he had made a proper tender of the actual amount of the damages under chapter 44, Rev. Codes 1905, Comp. Laws 1913, §§ 8500–8506, and that he should be allowed all costs incurred after the plaintiff had declined such tender. The matter was thereupon brought before the trial judge, who, after several hearings, ruled with the plaintiff, and this appeal followed. The question to be determined is whether or not the offer of $25 affected a payment of the debt so that the costs thereafter incurred should be borne by the plaintiff, when a jury finally determined that his damages did not exceed this amount.

(1) The subject is governed by chapter 44, Rev. Codes 1905, Comp. Laws 1913, §§ 8500–8506. Section 7865 makes the owner of trespassing stock liable for damages in a civil action, and provides that the procedure shall be the same in all respects as in civil actions except as therein modified, and providing a short term statute of limitations of sixty days for the enforcement of such lien. Section 7866 provides that any person occupying cultivated land shall be considered the owner thereof. Section 7867 reads: "Notice of damages. The party sustaining damages from the trespass of animals, before commencing an action therefor shall, if he knows to whom such animals belong, notify him or the person having them in charge, of such damage and the probable amount thereof." Section 7868 provides that a person suffering damages may keep the offending animals until the damages and costs are paid, or until security is given for such payment, and provides that a person holding possession of such animals shall notify the own-

ers of their detention. Section 7869 provides for a lien upon the animals and their sale to satisfy any judgment. Section 7870 provides for a service by publication upon unknown owners. Section 7871 provides for the sale and distribution of any surplus. Section 1942, Rev. Codes 1905, Comp. Laws 1913, § 2626, in a measure duplicates § 7867, and applies to counties where the herd law has not been repealed by vote of the people, but is to the same general effect. Section 5259, Rev. Codes 1905, Comp. Laws 1913, § 5815, provides that an "obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor with some bank of deposit in this state, of good repute, and notice thereof is given to the creditor." While the appellant has stated this point in six different ways by six separate assignments of error, they all are answered by the same argument and will be considered together. Appellant in his brief states his propositions as follows: "When this tender and deposit was made the obligation was extinguished and the matter was settled, and there was therefore no cause of action in favor of plaintiff and against the defendant for the same matter." He complains, also, because the court refused to give the following instruction: "If you find from the evidence that the plaintiff suffered damages, but that the said damages did not exceed the sum of $25, the amount deposited in the bank by the defendant, then you must find in favor of the defendant for the dismissal of this action." Also for refusal to give the following instruction: "That plaintiff cannot recover more than $25." And again we quote from the brief: "The appellant claims that when such deposit was made, his obligation was extinguished and settled, and he was under no further liability to the plaintiff." And again: "Even if the tender and deposit by the defendant would not extinguish the obligation, it would certainly have the same effect as an offer of judgment. Section 7237 of the Civil Code of Procedure." And, "unless the plaintiff recover a more favorable verdict than the said tender and deposit, he could not recover costs, but the defendant would be entitled to recover his costs against the plaintiff." And the fifth and sixth assignment of error relate to the taxation of costs.

(1) As already stated, the cows were taken up on the 1st of August and notice given to defendant the following day. Nothing was done

by defendant, however, until the 15th of said month, or thirteen days later, during which time the cows had been placed in the public pound. At that time the defendant deposited $25 as aforesaid, but this comes far short of extinguishing the obligation, under § 5259, Rev. Codes 1905, Comp. Laws 1913, § 5259 as claimed by the appellant. To constitute payment and settlement of the action, he should have promptly accepted plaintiff's offer of $25 *and costs* and obtained his cattle. Thirteen days is too long a delay under those circumstances.

(2) Neither can plaintiff substantiate his position that this deposit is equivalent to a tender of judgment. At the time the deposit was made no action had been commenced. Had an offer of judgment been made it must necessarily have included the costs incurred to date, and would, no doubt, have been accepted by plaintiff. For the same reasons the instructions mentioned were properly refused, and costs were properly taxed in favor of the plaintiff. The judgment of the trial court is in all things affirmed.