FANNIE NORRIS and Des Lacs Farmers Co-operative Elevator Company, a Corporation, v. GERMAN-AMERICAN STATE BANK OF BURLINGTON, NORTH DAKOTA, a Corporation, Walter Durbin, and Jourgen Olson.

(165 N. W. 570.)

**Chattel mortgage — property — sale of — effect of sale — title — vests in purchaser — subject to redemption — intention to redeem — notice of.**

Where one holding a chattel mortgage on property forecloses such mortgage

and complies with all the requirements of law regarding the holding of such foreclosure sale, and such sale is held in accordance with all the provisions of law relating thereto, the title of the property so sold at such foreclosure sale vests absolutely in the purchaser, subject only to the right of the mortgagor or owner, or either of their assignees, or of any other person having an interest in such property subject to a lien inferior to another, to redeem the same within five days and to be subrogated to all the rights of the purchaser at such sale; provided, that on the day of sale they give written notice to the person making such sale of their intention to make such redemption.

Opinion filed October 8, 1917.

Appeal from an order of the District Court of Ward County, Honorable *K. E. Leighton*, Judge.

Reversed.

*McGee & Goss* and *James Johnson*, for appellants.

The right to redeem is statutory. Civ. Code 1877, § 1714; Rev. Codes 1899, § 4691, Rev. Codes 1905, §§ 6141, 6143, Comp. Laws 1913, §§ 6717–6719.

The sale of personal property under chattel mortgage foreclosure, as to everyone however interested in the property, whether an owner or junior encumbrancer, is an actual transfer of title. Rogers v. Eagle F. Ins. Co. 9 Wend. 611; Wiltsie, Mortg. Foreclosure, § 951.

"A foreclosure by advertisement has the same binding force as foreclosures by action in which the parties are personally served with process." Grove v. Great Northern Loan Co. 17 N. D. 352, 138 Am. St. Rep. 707, 116 N. W. 345.

Unless written notice of intention to redeem is given at the time of sale, the right of redemption is waived and the purchaser's title and right of control over the property become fixed and settled at once. Brown v. Smith, 13 N. D. 586, 102 N. W. 171.

A junior mortgagee or lien holder against property sold at chattel mortgage foreclosure sale, and all such, must give the required notice of intention to redeem. The fact that the second mortgagee gave the required notice and redeemed does not give other subsequent lien holders the right to redeem. This would continue the redemption period indefinitely. Comp. Laws 1913, §§ 6717, 8134.

It is well settled in this state that the word "assignee" includes mortgagee and junior encumbrancer, and such holding has run into a rule of property. Brown v. Smith, supra; Sess. Laws 1893, chap. 79.

"A grantee of a judgment debtor after foreclosure sale is a successor in interest of the judgment debtor, and not a redemptioner." Comp. Laws 1913, § 8085; Phillips v. Hagart, 113 Cal. 552, 54 Am. St. Rep. 369, 45 Pac. 483; Styles v. Dickey, 22 N. D. 525, 134 N. W. 702.

*John J. Coyle,* for respondents.

Upon the payment of the amount necessary to redeem, the mortgagor, or person to whom the same is paid or tendered, shall execute and deliver to the redemptioner a certificate of redemption, and this shall operate as a release of said property from the mortgage. Comp. Laws 1913, § 8136.

Mortgaged property should be made to go as far as possible towards paying the liens against it. Fox v. Nelson, 30 N. D. 589, 153 N. W. 396; North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453.

"An injunction is not the proper method of evicting a party from the actual possession of land. Nor will injunction be granted when its effect would be to take possession from the defendant, if the complainant's title has not been established in a court of law. An injunction will not be granted against a defendant who is claimed to be in wrongful possession of property who is not doing irreparable damages, since the remedy at law by ejectment is ample and complete." 22 Cyc. 828 and 829; Doige v. Bruce, 141 Iowa, 210, 119 N. W. 624; Hall v. Henninger, 145 Iowa, 230, 139 Am. St. Rep. 412, 121 N. W. 6.

"A court has no power to grant a preliminary mandatory injunction removing a party from the possession of real property pending the action, and the transferring of such property to the adverse party." Catholicon Hot Springs Co. v. Ferguson, 7 S. D. 503, 64 N. W. 539; Forman v. Healey, 11 N. D. 563, 93 N. W. 866; Dickson v. Dows, 11 N. D. 404, 92 N. W. 797.

GRACE, J. This action is one maintained by the plaintiff for the purposes of securing a permanent injunction against the defendants restraining them from molesting, disturbing, or trespassing upon the property of the plaintiffs described in the complaint, and for other relief. The property in question consists of a grain elevator and equipment, and flour and coal sheds.

Plaintiffs' complaint alleges ownership and possession of such property. Defendants interpose a general denial to the allegations of the complaint, and also set forth other allegations in the answer, which allege the possession of such property in the German-American State Bank of Burlington, North Dakota, on February 23, 1917, and continuance thereof ever since, such possession being given to such bank by the former owner of such property, H. T. Hoge.

The facts in the case are as follows: H. T. Hoge was the owner of such grain elevator and other personal property mentioned in the complaint. He executed a chattel mortgage to the German-American State Bank of Burlington for $4,575, a second chattel mortgage to Fannie W. Norris in the sum of $3,200, a third chattel mortgage to the German-American State Bank of Burlington in the sum of $13,500. The bank foreclosed its first mortgage by advertisement. On the day of sale the second mortgagee gave notice of intention to redeem, and made redemption within the five-day period permitted by law for such redemption. H. T. Hoge was the original owner of all the property involved in this action, and was the mortgagor in each of such mortgages. The sale of the property by reason of the foreclosure of the first mortgage was on the 23d day of February, 1917. The respondent, the owner of the third mortgage as well as of the first mortgage, gave no notice upon the day of sale of such property of its intention to make redemption. In July, 1917, the defendant commenced foreclosure proceedings by advertisement upon the third mortgage upon the same property, and such foreclosure was enjoined on July 13, 1917, by the plaintiffs. Afterwards the defendant commenced an action to foreclose its third mortgage.

The legal propositions at the bottom of this case arise from the construction to be placed upon redemption statutes which govern the redemption of property sold at chattel mortgage sale by advertisement. Such redemption is governed by §§ 6717–6719, and 8134 of the Compiled Laws of 1913, which are as follows:

"Section 6717: Every person having an interest in property, subject to a lien, has a right to redeem it from the lien, at any time after the claim is due and before his right of redemption is foreclosed.

"Sec. 6718: One who has a lien inferior to another upon the same property has a right: 1. To redeem the property in the same manner as

its owner might from the superior lien; and, 2. To be subrogated to all the benefits of the superior lien when necessary for the protection of his interests, upon satisfying the claim secured thereby.

"Sec. 6719: Redemption from a lien is made by performing the act for the performance of which it is a security, and paying the damages, if any, to which the holder of the lien is entitled for delay, or by offering to perform such act and pay such damages; provided, that if the act requires the delivery of money, property or a conveyance of property the same shall be deposited and notice thereof given as provided in § 5263."

"Sec. 8134: Any mortgagor of personal property, or his assignee, may redeem the same from a sale upon foreclosure of any mortgage within five days after such sale, exclusive of the day of sale, by paying or tendering to the owner of the mortgage at the time of sale, his agent or attorney, or the person making the sale, the amount for which said property was sold with the costs of sale and interest at the rate of 7 per cent per annum from the date of the sale. The mortgagor or his assignee desiring to redeem such property shall at the time of sale give written notice to the person making the sale of his desire to make such redemption; otherwise he shall be deemed to have waived his right to do so. In case such notice is served, the person making such sale shall retain the possession of the property sold until the expiration of said five days and shall be entitled to his reasonable expenses in caring for the same. In case a part only of the property sold is redeemed the redemptioner shall pay or tender in addition to the price for which such part was sold such proportion of the costs of sale as said price bears to the entire price of all the property sold and also the reasonable expense of caring for the property redeemed and interest."

It will be noticed that § 8134 provides the method and manner in which the mortgagor or his assignee may make redemption. If the mortgagor did not wish to make redemption he could assign all his interest to another person, who would then be the assignee of the mortgagor, and such assignee could make redemption in the same manner and with the same effect as the mortgagor, and with the same rights and privileges as such mortgagor. This section makes no provision for redemption by one holding a lien inferior to another upon the same property, but, as we shall hereafter see, the provisions of this

section are also rules to be observed by redemptioners holding inferior liens upon the same property. Under § 6717 every person having an interest in property subject to a lien has a right to redeem it from the lien at any time after the claim is due and before his right of redemption is foreclosed. Passing from this section to the immediate consideration of § 6718, we find one who has a lien inferior to another upon the same property has a right to redeem the property in the same manner as its owner might from a superior lien, and be subrogated to all the benefits of the superior lien when necessary for the protection of his interests upon satisfying the claims secured thereby. The rule then to be followed by a redemptioner holding an inferior lien upon the same property is the same as that of the mortgagor or the owner of the property. If, therefore, we determine what the owner or mortgagor must do in order to place himself in position to make a redemption, we will have at the same time determined what rule must be followed by one holding an inferior lien upon the same property, who desires to make redemption. The mortgagor or owner of personal property, or his assignee, may redeem the same from a sale upon foreclosure of any mortgage within five days after such sale, exclusive of the day of sale. In what manner may he do this? By paying or tendering to the owner of the mortgage at the time of sale, within five days after time of sale, his agent or attorney, or the person making the sale, the amount for which such property was sold, with the costs of sale and interest at the rate of 7 per cent per annum from the day of sale. Provided, however, that the owner or mortgagor or his assignee shall at the time of sale give written notice to the person making the sale of his desire to make such redemption; otherwise he shall be deemed to have waived his right to do so. These are the requirements with which the mortgagor or owner of the property must comply before he has any right of redemption. If he fails to comply with them he has lost his redemption right, and the absolute title of the property on sale would pass to the purchaser on such sale in the event of failure of the mortgagor or owner to comply with these requirements, assuming there were no other redemptioners. All that has been said in regard to the mortgagor or owner of the property applies with equal force and effect to the holder of an inferior lien upon the same property. In order to put himself in position to redeem, he must follow

the same method and rule as that followed by the mortgagor or the owner, or the assignee of either. He must tender, within five days after the time of sale, the amount for which said property was sold at the mortgage foreclosure sale, together with costs and interest; and he must also at the time of the sale serve written notice of his intention to redeem; and if he omits to do either one of these things he is not a redemptioner, and is not in position to claim any of the rights and privileges of redemption. Applying this reasoning to the case at bar, the first mortgage to the German American State Bank of Burlington in the sum of $4,500 was foreclosed on the 23d day of February, 1917. Upon said day there existed other and inferior liens upon said property, of $3,200 to Fannie W. Norris, the appellant, and one of $13,500 to the German American State Bank of Burlington, being the same party as the owner of the first mortgage. Upon the day of sale Fannie W. Norris, the holder of the second mortgage, legally served upon the proper party written notice of her intention to redeem, tendered the proper amount of money, and was allowed to make redemption, and procured a certificate of redemption, which operated as a discharge of the first mortgage. The owner of the third mortgage failed to serve notice of redemption, and failed to tender either the amount for which the property was sold at the mortgage foreclosure sale, or that due any other prior inferior lien holder who had made redemption. In fact, the third mortgagee or inferior lien holder made absolutely no tender of any kind or character, and failed to serve any written notice, or any notice, on the day of sale, of intention to make redemption; and therefore, as we view it, by such failure lost all right to make redemption. The second mortgagee, or inferior lien holder, having properly made redemption, was subrogated to all the rights of the purchaser at the sale. What are the rights of the purchaser to which the inferior lien holder is subrogated in case redemption is properly made? To answer this question clearly it is necessary to determine the effect of a chattel mortgage sale. If the chattel mortgage sale is legally held, and all the requirements of law complied with, and the sale is actually and properly made of the property covered by the mortgage, if there is no lawful tender of the amount for which the property was sold at such mortgage sale, and no tender of such other matters as are required to be tendered, and no written notice of redemption is served at the

time of sale, either by the owner, mortgagor, or their assignees, if any, or by any other redemptioner having an interest in the property, immediately upon the close of such sale the absolute title to the property so sold passes from the original owner or mortgagor to the purchaser of such property at such sale, whether it be the mortgagee, or some other person. Where, however, there is a legal redemptioner, which is one who has complied with all the requirements enjoined upon a redemptioner, the purchaser at such foreclosure sale holds the absolute title to the property subject to the right of the redemptioner to succeed to such right in case a redemption is legally effected. In other words, the redemptioner succeeds and is subrogated to all the rights which the purchaser at such sale has, including the absolute right and title to the property. The title to the property becomes absolute in the purchaser at the time of sale as to all persons who have not made any tender as required by law, or served any written notice of intention to redeem. This applies to the mortgagor and owner as well as others who might have become redemptioners. The purchaser at such foreclosure sale, therefore, has absolute title to the property, subject only to the right of other proper and legal redemptioners, to be subrogated to that right by the payment of all that is properly due to the purchaser of such property at the sale, so that each legal redemptioner as he made the redemption and paid the amount due to prior lien holders who have qualified as redemptioners, if done within the five-day period, would in turn be subrogated to the absolute right and title to the property.

The defendants and respondents claim that the statute makes no provisions for a redemption from a redemptioner, and contend that, in order for the third mortgagee to have a chance to make redemption, it is necessary for the second mortgagee, after making his redemption from the purchaser at the foreclosure sale, to foreclose his second mortgage in order to give the third mortgagee a chance to redeem. If this logic is sound, then, when the second mortgagee foreclosed his mortgage and the third mortgagee made redemption, paying the whole amount for which the property was sold at the foreclosure sale of the second mortgage, and in addition thereto the amount which the second mortgagee had paid as purchaser for the property at the first foreclosure sale, then, when the third mortgagee had made such redemption under

the theory of the defendants, he would also have to foreclose his third mortgage so as to afford the fourth mortgagee the same opportunity that the third mortgagee had, and so on with the fifth, sixth, and seventh, and any number of mortgages.

We are positive that the defendants' theory is unsound, illogical, and fails to take into consideration the plain language of our statute. All chattel mortgagees of any given property have a perfect right and remedy under our law to make redemption. All they need do is, on the day of sale, to serve written notice upon the proper person of their intention to make redemption, and make a lawful tender of the amount necessary to pay the amount to the purchaser for which the property was sold upon foreclosure sale, together with the actual amount due upon other senior mortgages and which are prior liens to their mortgage, where such senior mortgagees have legally qualified and brought themselves within the law regarding redemptioners concerning chattel mortgage sales. We are satisfied that every mortgagee of personal property under the law has a plain and adequate remedy of redemption in his proper order as shown by the order in which such chattel mortgages are filed, by complying with the requirements of law and qualifying himself as a redemptioner by serving written notice of his intention to redeem and making a proper tender,—all in accordance with law and at the proper time and place as defined by law.

The second mortgagee herein having made proper and legal redemption from the purchaser of the property at the foreclosure sale, as we have seen, became the absolute owner of the property, there being no other redemptioners, and she became entitled to, and was subrogated to, all the rights of the purchaser of such property at the mortgage foreclosure sale. The rights of the purchaser at the mortgage foreclosure sale were the possession and right of possession, ownership, and absolute title to the property which the purchaser at such foreclosure sale purchased. These are the rights to which the second mortgagee herein succeeded. The purchaser at such sale was the first mortgagee. It accepted all its money for the purchase price of such property on such sale from the second mortgagee, the only redemptioner, and a certificate of redemption was issued to the second mortgagee; and the redemption having been made as required by law, she became the absolute

owner of such property, and the absolute title to such property passed to her by reason of her redemption, as hereinbefore set forth.

At the inception of this action a temporary injunctional order was applied for by plaintiff, restraining the defendants or any of them from intruding upon or entering upon said premises, or any part thereof, or interfering with the full, absolute, and undisputed possession of such premises pending the suit. Such order was based upon the complaint, which alleged ownership and possession of the property and a conspiracy on the part of the defendants to deprive the plaintiffs of the possession thereof. The plaintiffs further state that the defendants have no right, title, or interest, property or estate, in or to any of said property. The court accordingly issued such injunctional order to be effective pending the litigation. Subsequently an application was made by the defendants upon affidavit to vacate the injunctional order, which application was granted upon the theory and reasons contained in the memorandum decision of the court below. It appears from plaintiffs' complaint that they are entitled to the relief therein demanded; and having attached an appropriate prayer to such complaint, and the case being one in which a restraining order pending suit should be granted, as we view the case, the court was in error in vacating such restraining order pending suit, and was in error in making its order vacating such injunctional order, and was in error in refusing to continue in force such injunctional order pending the litigation.

Plaintiffs in the court below, and also during the argument before this court, offered to take all their money, which included the whole amount paid the purchaser at the foreclosure sale of the first mortgage, the amount of the second mortgage, together with all the interest due on either, and all the costs and expenses of the litigation,—all to be paid in cash by the defendants. This court, acting upon such offer, and in the interests and spirit of equity, if any equity there be in this case, permits and orders that the defendants may have ten days from the day the remittitur of the court is filed in the court below in which to pay the plaintiffs in cash all the amounts of money hereinbefore referred to as owing to the plaintiffs by reason of their making redemption from the purchaser at the foreclosure sale, the amount of their second mortgage, together with all costs and expenses which they have

paid out or disbursed and which they are entitled to recover, together with interest on all such sums.

The order of the District Court vacating and setting aside such injunctional order pending litigation is reversed, and the case is remanded, with instructions that the injunctional order of date August 3, 1917, be reinstated by the Honorable K. E. Leighton, judge of the district court of Ward county, North Dakota, and be continued in full force pending the litigation and the determination of this case upon its merits at the trial thereof, and for other proceedings in harmony with this opinion. Plaintiffs are granted their costs upon this appeal.

ROBINSON, J. (dissenting). The plaintiff appeals to this court from an order dated August 8, 1917, discharging an injunctional order. The order was that the defendants refrain from holding possession of a grain elevator described in the complaint, the St. Anthony Elevator of Des Lacs, North Dakota.

At the time of issuing the injunction the defendants were in possession of the elevator under a third mortgage made to the German-American State Bank of Burlington to secure $13,000. On February 23, 1917, a first mortgage on the property was foreclosed and on February 28, redemption was made by Fannie Norris under a second mortgage for $3,200 and interest. The plaintiff Fannie Norris claims absolute title under the second mortgage, and she has contracted to sell the property to the other plaintiff. Her claim of title is based on a redemption from a foreclosure of the first mortgage by payment of $4,575. She claims that her investment amounts to $8,500, and that it is more than the property is worth, and yet she refuses to permit a redemption.

The German-American State Bank, by the other defendants, holds possession of the elevator by permission of H. T. Hoge, the owner and mortgagor; and, under a mortgage for $13,000, the bank asserts that by redemption from the foreclosure sale the plaintiff acquired merely the lien of the prior mortgage, and not the title.

The statutes read thus [Comp. Laws 1913]:

Section 6717. "Every person having an interest in property, subject to a lien, has a right to redeem it from the lien, at any time after the claim is due and before his right of redemption is foreclosed."

Section 6718. "One who has a lien inferior to another upon the same property has a right:

"1. To redeem the property in the same manner as its owner might from the superior lien; and,

"2. To be subrogated to all the benefits of the superior lien when necessary for the protection of his interests, upon satisfying the claim secured thereby."

Section 8134. "Any mortgagor of personal property, or his assignee, may redeem the same from a sale upon foreclosure of any mortgage within five days after such sale, exclusive of the day of sale, by paying or tendering to the owner of the mortgage at the time of sale, his agent or attorney, or the person making the sale, the amount for which said propery was sold with the costs of sale and interest at the rate of 7 per cent per annum from the date of the sale. The mortgagor or his assignee desiring to redeem such property shall at the time of sale give written notice to the person making the sale of his desire to make such redemption."

Section 8136. "Upon the payment or tender of the amount necessary to redeem, the mortgagee, or person to whom the same is paid or tendered, shall execute and deliver to the redemptioner a certificate of such redemption, particularly describing the property redeemed and the mortgage under which the same was sold, which certificate may be filed in the office of the register of deeds of the county in which the mortgage is filed and shall operate as a release of said property from the mortgage."

The statute is that a redemption shall operate as a release of the property from the mortgage, and not that any title shall vest in the redemptioner, and assuredly a person claiming under a statute can assert no greater right or title than the statute gives him. It is said: Had there been no redemption from the sale, both the second and the third mortgages would have found their rights in the property forever gone. That is not exactly true. It is too narrow a view of the law. A party should not be robbed of his property or his liens under the forms and technicalities of the law, or under an unjust and unconscionable summary foreclosure. Hence, when a foreclosure is not made in good faith and fairness it may become the duty of the court to set it aside and to allow a redemption after the time fixed by the statute.

All creditors have an interest in the property of their debtors, and, when such property is sold to pay a debt, it should be sold fairly and for as much as possible, and as far as possible it should be made to pay all the debts. No one creditor should be permitted to exclude others by unjustly taking the property at much less than its value. At the foreclosure sale the property in question was sold for not more than half its value. Otherwise the third mortgagee would have no interest in offering to redeem and the second mortgagee would have no interest in opposing the redemption. Hence, under a proper and timely showing, the mortgagor or any subsequent lien holder should be permitted to redeem from the foreclosure sale regardless of any notice of intention or any five-day period. Of course the statute fixes a general rule, and when a party brings himself within the rule redemption is a matter of course. Otherwise there must be a proper equitable showing.

In this case the first and second mortgagors are as it were merged, and the right of the third mortgagee to redeem by paying the amount due on the two first mortgages is a matter of course. But, even if the plaintiff had acquired a perfect title to the elevator, the court is right in dissolving the injunction. It is entirely certain that the third mortgagee was in possession of the grain elevator, and injunctional orders may not be used to dispossess a party of either real or personal property.