EMIL HARTH, Appellant, v. ST. PAUL CATTLE LOAN COMPANY, a Corporation, Respondent.

(191 N. W. 615.)

**Chattel mortgages — notice of redemption at foreclosure sale held sufficient although erroneous as to designation of mortgagee.**

1. In an action to recover damages for conversion of property alleged to have been redeemed by the plaintiff, under § 8134 of the Comp. Laws, 1913, from mortgage foreclosure sale, it is *held:*

A notice of redemption, under § 8134, is sufficient if it apprise the agent conducting the sale of the mortgagor's intention to redeem certain property sold from the foreclosure sale, though it may contain an erroneous designation of the mortgagee.

**Chattel mortgages — law requiring redemptioner to tender for which property sold on foreclosure sale held to include sheriff's fees; "costs of sale."**

2. Section 8134 of the Compiled Laws of 1913, which requires the redemp-

tioner to tender the amount for which the property was sold "with the costs of sale," is construed and held to embrace the item of sheriff's fees in the costs of sale.

Opinion filed December 30, 1922.

Chattel Mortgages, 11 C. J. § 582 p. 744 n. 78; § 583 p. 744 n. 88.

Appeal from District Court, Logan County, *Allen,* J.
Affirmed.

*Scott Cameron* and *Arthur B. Atkins,* for appellant.

No contention was made at the trial or on motion that the notice was not served in proper time, as the record shows that the notice was served about thirty minutes after the sale, and this court has already held that if it is served on the day of the sale it is a sufficient compliance with our statute. Norris v. German American State Bank, 38 N. D. 276; Brown v. Smith, 13 N. D. 580.

"The word 'tender' as used in connection with mutual and concurrent promises does not mean the same kind of offer as when it is used with reference to the payment or offer to pay an ordinary debt due in money, where the money is offered to a creditor who is entitled to receive it and nothing further remains to be done, and the transaction is completed and ended, but it only means a readiness and willingness, accompanied with the ability, on the part of one of the parties to do the acts which the agreement requires him to perform, provided that the other will concurrently do the acts which he is required to do by it, and a notice of the former to the latter of such readiness." 8 Words & Phrases, p. 6910; Smith v. Lewis, 26 Conn. 110, 119; Raudabaugh v. Hart, 55 N. E. 214, 218, 61 Ohio St. 73, 76 Am. St. Rep. 361; Aborn v. Mason (U. S.) 1 Fed. Cas. 37, 39 (citing Smith v. Lewis, 26 Conn. 110); Adams v. Clark, 9 Cush. 215, 57 Am. Dec. 41; Cook v. Doggett, 2 Allen, 439, 441; Guilford v. Mason, 48 Atl. 386, 388, 22 R. I. 422; See also Manistee Lumber Co. v. Union Nat. Bank, 32 N. E. 449. 453, 143 Ill. 490; Shouse v. Deane, 21 So. 807, 811, 39 Fla. 95; Ugland v. Farmers & M. State Bank, 23 N. D. 536.

*Sullivan, Hanley & Sullivan,* for respondent.

Under the common law the sale by foreclosure of a chattel mortgage immediately devested the mortgagor of all right of redemption, and no right of redemption existed, and while it is the policy of the courts to

construe redemption statutes to the end that property of the debtor may go as far as possible to the payment of his obligation, yet the courts are of one accord upon the proposition that even in actions to compel redemptions (which this is not) that in order to effect a redemption the redemptioner must bring himself fully within the terms of the statute, and comply with the legal requirements therein set out. Leverson v. Olson, 25 N. D. 624, 142 N. W. 177; State ex rel. Forest Lake Bank v. Herman, 36 N. D. 177, 161 N. W. 1017; N. D. Horse and Cattle Co. v. Serrumgaard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 117 N. W. 453.

"It will be further observed that the money was not deposited in the name of the creditor, as provided by § 3473, but the bank was simply directed to pay it to the plaintiff in case they should deliver up the notes upon which they claimed there was a balance due. In order to extinguish the debt under the provision of our Code, there must be not only a proper offer of the money, but the money must be deposited in the bank to the credit of the creditor. It must be so placed in the bank as to be in the name of the creditor, and subject to his absolute control." Stakke v. Chapman, 83 N. W. 261; Brown v. Smith, 13 N. D. 580; Dunn v. Hunt (Minn.) 65 N. W. 948.

BIRDZELL, Ch. J. This is an appeal from a judgment in favor of the defendant in an action to recover damages for conversion. One C. P. Burnstad, in January 1920, executed a chattel mortgage to the defendant to secure the payment of an indebtedness of $50,000, payable July 15, 1920. This mortgage was foreclosed and the property sold on March 31, 1921. On the day of the sale and about an hour thereafter, the mortgagor served upon "John Anderson, agent for the Stock Yards National Bank of South St. Paul, Minnesota, and H. B. Scott, St. Paul, Minnesota, agent," a notice that he would redeem thirty-four steers and two other small items of personal property from the sale. By written assignment, dated April 4, 1921, Burnstad, the mortgagor, assigned to Emil Harth, plaintiff in this action, his equity of redemption from the foreclosure sale. The thirty-four steers had been sold for $918. On April 4th, the plaintiff tendered to Anderson $988, and demanded immediate possession of the cattle. He also served notice that he had deposited in the First National Bank of Napoleon the sum

of $988, payable to Anderson's order or to the order of his principal, on delivery to the bank of a certificate of redemption. On April 9th, Anderson made a report of sale, showing the sale of the thirty-four steers at $27 each, total $918, and containing a statement of the amount due, costs and fees, showing the amount due on the mortgage to be $53,351.84; sheriff's fees $204, and other small items, making the total of costs and fees, $233.75 and leaving a net balance to apply on indebtedness, $675.25. Later this action was brought, predicating a conversion on the plaintiff's redemption from the sale and the defendant's refusal to surrender possession. The trial resulted in a verdict for the plaintiff for $525 with interest from April 4th. Thereafter the trial court granted the defendant's motion for judgment notwithstanding the verdict, and directed the entry of the judgment appealed from in favor of the defendant and against the plaintiff for costs.

In order for the plaintiff to sustain a recovery as for conversion in this action, it is incumbent upon him to establish the sufficiency of the notice of intention to redeem and that a proper tender was made. The defendant and respondent argues that the notice is insufficient in that it refers to a mortgage executed to the Stock Yards National Bank while the mortgage on these cattle that was in fact foreclosed was that of the St. Paul Cattle Loan Company, which company had made the sale through one Anderson, its agent; and further in that it was addressed to and served upon Anderson as agent for the bank instead of to and upon him as agent for the mortgagee in this particular mortgage. The statute, § 8134, provides:

"The mortgagor or his assignee desiring to redeem such property shall at the time of sale give written notice to *the person making the sale* of his desire to make such redemption; otherwise he shall be deemed to have waived his right to do so."

This statute, in so far as it provides for redemption, is remedial in character and designed to serve the purpose of enabling a mortgagor who is in default to regain his property after sale by discharging the indebtedness to the extent that it has been realized out of the property. If he has any equity in the property, the statute permits him to realize on it, but, as a condition of so doing, he is required to apprise the person making the sale of his intention to that effect. We think the statute is one that should be liberally construed to effect the legislative inten-

tion and purpose. There is no requirement as to what the notice shall contain. The only requirements are that it shall be written and shall be given to the person making the sale. The notice given in the instant case is addressed to John Anderson, agent for the Stock Yards National Bank of South St. Paul, Minnesota, and H. B. Scott, St. Paul, Minnesota, agent, and it purports to notify him or them that the mortgagor will redeem the "following described personal property from chattel mortgage foreclosure made by you this 31st day of March, 1921; three wagons, one manure loader, and thirty-four head of steers. The above-described property is given in two mortgages which mortgages were this day foreclosed by said mortgagee. Said mortgagor, C. P. Burnstad, does hereby redeem the above-described personal property.

Three wagons          $ 71.00
One manure loader  $ 10.00
Thirty-four steers     $918.00

"This property was sold by you this day under two mortgage foreclosures, both mortgages were made by the undersigned payable to the Stock Yards National Bank." The fact is that Anderson acted as agent for the Stock Yards National Bank in foreclosing its mortgage, the sales being noticed and held at the same time. It will be seen, then, that the notice is addressed to the person who acted as agent in the foreclosure of the mortgage in question, but the wrong principal or mortgagee was named. It described the steers and referred to them as having been sold under mortgage foreclosure, and they were not sold under any other mortgage. In so far as this property is concerned, therefore, it is identified as property which the agent who received the notice must have known had been sold under the defendant's mortgage and not under that of the Stock Yards National Bank. We think that under a fair construction the notice apprised Anderson, agent of the defendant herein, that the mortgagor intended and desired to redeem the thirty-four steers from the mortgage that was actually foreclosed on them, and that his knowledge to this effect is attributable to his principal, the defendant. We are of the opinion that the notice was sufficient.

It is said that the tender was insufficient in amount in that only $70 above the sale bid was allowed to cover the costs of sale and the reasonable expenses of caring for the property redeemed and interest. A *report of this sale, filed on April 9th, shows total sheriff's fees on*

*account of the foreclosure of $204,* and other costs and expenses which bring the total up to $232.75. It will be seen that § 8134, which provides for the completion of the redemption by payment or tender, gives to the mortgagor or his assignee five days within which to redeem, and § 8128 gives the person making the sale ten days in which to file a report of the sale, showing, among other things, the costs and expenses.

It is thus apparent that the legislature has deliberately subjected the redemptioner to the peril of having to guess at the amount of costs which he will include in his tender of redemption money. We cannot cure this defect in the statute by judicial fiat. It is suggested, however, that a distinction was intended to be observed between "costs of sale" to be included in the redemption money, and some other expenses that might have been incurred prior to the sale; such, for instance, as the expenses incidental to obtaining possession of the property, and that if such expenses be excluded, the amount tendered was sufficient. We are unable to glean from the statute any satisfactory basis for the distinction claimed. In fact, the statute appears to us to have been framed upon no consistent principle whatever in reference to the costs of sale. *The owner of the mortgage is, of course, made whole, so far as the foreclosure is concerned, if he receive the amount of the bid, plus interest and subsequent expenses.* Similarly, if the property is purchased by any third party, he is made whole when the amount of his bid, interest and subsequent expenses may be tendered to him, or refunded by the agent who made the sale. Then too, § 8129 requires the one who conducts the sale to pay the costs and expenses of foreclosure from the proceeds of the sale, that is, out of the amount bid, and directs the balance only, to be credited on the mortgage indebtedness. Hence, in the absence of a redemption, the costs come out of and are represented in the amount bid, and we can perceive of no reason for imposing, as a condition of redemption, the payment of an additional amount as representing costs or expenses prior to the sale. Whatever reason was sufficiently potent to cause the legislature to require a redemptioner to tender anterior costs in addition to the amount bid, we can see none at all, would apparently operate with the same force upon chargeable items of every character anterior to the sale. This statute was long ago characterized by this court as a "very crude piece of legislation," Brown v. Smith, 13 N. D. 580, 583, 102 N. W. 171, and its crudeness

becomes more apparent as attempts are made to take advantage of its pretended beneficent provisions. We cannot, however, remedy its glaring defects. We are at a loss to supply a definition of "costs of sale" that will exclude sheriff's fees and include other legitimate items. It is admitted that the amount tendered was not adequate to cover these fees, and, this being an action for damages for conversion, we cannot hold that a redemption was effected under the statute. It follows that the judgment appealed from must be affirmed. It is so ordered.

CHRISTIANSON, J., concurs.

BRONSON, J. (specially concurring). This is an action for conversion. Plaintiff is the assignee of the mortgagor's right of redemption concerning cattle sold at a mortgage foreclosure sale. Four days after the sale on April 24th, 1921, the mortgagee, for a recited consideration of $100, assigned to plaintiff his right of redemption. Then, on that day, plaintiff tendered to defendant $988, as inclusive of the sale price, the cost of sale, and the costs of keeping since the date of sale, with interest. Plaintiff also notified defendant that he had on that day deposited in the First Nat'l Bank of Napoleon, North Dakota, $988 payable to the order of defendant or its agent upon delivery to the bank of a certificate of redemption carrying with it the possession of the · cattle.

The assistant cashier of the bank testified that plaintiff deposited in the bank $1,000; that the bank carried the money on open account; that it was deposited with instructions the same as those given in the notice to defendant; that it was carried in a kind of blanket trust account and that, thus, the money is still at the bank.

Thus, does it appear that plaintiff, as a redemptioner, seeks a recovery at law upon technical rights, and not the right to redeem under equitable principles. He seeks the right to receive the verdict of $525.04 awarded for a consideration of $100 paid. To be entitled, as a matter of law, to this right plaintiff must show compliance with the law.

In my opinion the deposit made was, at law, insufficient. Upon redemption from a lien, the law specifically requires an offer of performance to be followed by a deposit. Comp. Laws, 1913, § 6719. Under the law the deposit required was a deposit of the money offered in the

name of the creditor with some bank, within this state, of good repute. Comp. Laws, 1913, §§ 5,815, 5,819. There is no proof in this record that a deposit was made in the name of the defendant creditor or its agent. On the contrary, the effect of the cashier's testimony is that the money was carried on open account, presumably in plaintiff's name, in a sort of trust account subject to, and dependent upon, instructions given. Obviously, the statutory mandate was not observed. See Brown v. Smith, 13 N. D. 580, 586, 102 N. W. 171; Ryding v. Hanson, 30 N. D. 99, 102, 152 N. W. 120; Swallow v. First State Bank, 35 N. D. 608, 618, 161 N. W. 207; Raad v. Grant, 43 N. D. 546, 551, 169 N. W. 588; Fox v. Nelson, 30 N. D. 610, 153 N. W. 395; Streeter v. Archer, 46 N. D. 266, 176 N. W. 832. The judgment should be affirmed.

GRACE, J. I concur in the greater part of the reasoning and the result herein.

ROBINSON, J. (dissenting). This is an appeal from a judgment in favor of defendant notwithstanding a verdict against him for $525. On March 31, 1921, at a chattel mortgage sale, one John Anderson, an appointed agent of the mortgagee defendant, offered for sale at public auction twenty-seven steers and sold the same to the defendant for $918. The plaintiff gave due notice of intention to redeem and within five days from the date of sale he offered to redeem by paying to the agent $918, with $70 for cost of sale, interest, and subsequent expense. It does not appear that the agent refused to allow a redemption because the $70 was not sufficient. The jury found that it was sufficient and there is no evidence to the contrary.

The redemption statute is to this effect: That a mortgagor or his assignee having given the proper redemption notice, may redeem the property sold at foreclosure sale within five days after the sale "by paying or tendering to the owner of the mortgage, his agent or attorney, or the person making the sale, the amount for which the property was sold, with the cost of sale and interest at the rate of 7 per cent from the date of the sale. And the reasonable expenses in caring for the property after the sale." Comp. Laws, 1913, § 8134. It may be true that this statute is "a crude piece of legislation," but that is no reason for this court by a narrow and crude construction to defeat its purpose

or give to it the aspect of a mockery or a barbarism. The manifest purpose of the statute was to protect the mortgagor against the confiscation of his property by a sale for much less than its value. The sale was made by the agent of the mortgagee. There is no showing that it cost anything to make the sale, and, of course, the mortgagee was not at liberty to pay his agent any more than the reasonable cost of making the sale, and in no event should that have exceeded $10. The making of the sale was not more than the work of one hour. The expense of the keeping of the property did not exceed $10 a day, or, in all, $50; the interest, $1. Total, $61. But to make assurance doubly sure, the plaintiff tendered $70, and the verdict of the jury has found the tender sufficient, and there is no evidence to the contrary.

But it is said: The report of sale shows the total of the sheriff's fees on account of the foreclosure was $204. That is not true. The report merely shows a lump sum of $204 for sheriff's fees. There is no itemized statement to show any legal charge by the sheriff. But that is of no consequence. The sheriff did not make the sale. And the statute does not provide that a redemptioner must pay the cost of foreclosure. It is only that he shall pay the cost of the sale, with interest, and the subsequent care of the property.

It does not appear that the agent refused to allow a redemption because the $70 was not sufficient. The jury found that it was sufficient and that finding is correct. The answer does not state the cost of the sale or show that the refusal to allow a redemption was because of the failure to pay or tender any specified amount. In fairness, if the mortgagee or his agent claimed that the sum tendered was not sufficient, it was for them to show the exact sum necessary to redeem. But obviously the sum tendered was sufficient and the judgment against the plaintiff should be reversed and judgment entered in his favor on the verdict.