[File No. 6050.]

JOHN KUSMA, Respondent, v. CITIZENS STATE BANK of Belfield, North Dakota, a Corporation, Frank X. Wanner and Emil Slavik, Appellants.

(244 N. W. 26.)

Opinion filed August 25, 1932.

*Simpson, Mackoff & Kellogg,* for appellants.

*C. H. Starke,* for respondent.

NUESSLE, J. This case involves the construction and application of § 8134, Comp. Laws 1913, providing for the redemption of personal property from sale upon mortgage foreclosure. This appeal is from an order overruling a demurrer to the plaintiff's complaint.

The complaint sets out that the plaintiff was the owner of certain personal property which was mortgaged to the defendant bank; that on October 24, 1931, the bank foreclosed the mortgage thereon by sale of the property; that in such foreclosure the defendants Wanner and Slavik were the bank's agents and, as such, made the sale; that the plaintiff had arranged for a loan of money sufficient to enable him to redeem the mortgaged property from the sale; that he desired to redeem and at the time of the sale gave written notice to the defendants making it of his desire to make such redemption; that notwithstanding said notice the persons making said sale did not retain possession of the property for any period whatsoever but immediately after the sale permitted all of the property sold thereat to pass into the possession of the purchasers thereof and to be removed so that such property could not be restored to the damage of the plaintiff in the sum of $2,300 for which the plaintiff asks judgment. The defendants jointly demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was overruled. The defendants appeal.

The complaint is challenged as not stating a cause of action. The sole question is as to its sufficiency. The demurrer admits only facts well pleaded. But, on the other hand, all the intendments both inferential and presumptive are in favor of the pleading. Its allegations must be liberally construed with a view of substantial justice between the parties. Comp. Laws 1913, § 7458.

Section 8134, Comp. Laws 1913, provides:

"Any mortgagor of personal property, or his assignee, may redeem the same from a sale upon foreclosure of any mortgage within five days after such sale, exclusive of the day of sale, by paying or tendering to the owner of the mortgage at the time of sale, his agent or attorney, or the person making the sale, the amount for which said property was

sold with the costs of sale and interest at the rate of seven per cent per annum from the date of the sale. The mortgagor or his assignee desiring to redeem such property shall at the time of sale give written notice to the person making the sale of his desire to make such redemption; otherwise he shall be deemed to have waived his right to do so. In case such notice is served, the person making such sale shall retain the possession of the property sold until the expiration of said five days and shall be entitled to his reasonable expenses in caring for the same. In case a part only of the property sold is redeemed the redemptioners shall pay or tender in addition to the price for which such part was sold such a proportion of the costs of sale as said price bears to the entire price of all the property sold and also the reasonable expense of caring for the property redeemed and interest."

This statute is peculiar to North Dakota. It is remedial. It must be liberally construed so as to effectuate its purpose. See Brown v. Smith, 13 N. D. 580, 102 N. W. 171.

The defendants on this appeal contend in support of their demurrer that under the statute the plaintiff was required to make a timely tender to the defendants of the amount necessary to redeem, and if this was not accepted to deposit it and thus keep the tender good; that the complaint is defective in that it does not allege such tender and deposit. In support of their contention they cite Brown v. Smith, supra; Norris v. German-American State Bank, 38 N. D. 276, 165 N. W. 570; and Harth v. St. Paul Cattle Loan Co. 49 N. D. 467, 191 N. W. 615.

Under the statute, § 8134, supra, when a mortgagor gives notice of his desire to redeem it becomes the duty of the person making the sale to retain the property so being sold in his possession for five days in order to enable the mortgagor to complete the redemption. The effect of the sale is to pass the title of the property to the purchaser subject to defeasance upon payment as required by the statute. Norris v. German-American State Bank, 38 N. D. 276, 165 N. W. 570, supra. Therefore, when a mortgagor gives notice of his desire to redeem he retains an equity of redemption in the property though he is not entitled to its possession until the redemption money is paid or tendered. The person making the sale, notice having been served upon him, is charged with the duty of holding the property for the statutory period. He holds it for one purpose only—to enable the mortgagor to redeem.

The service of the notice raises the duty. The duty continues through the five day period though the redemption money is not paid or tendered and regardless of whether the mortgagor had or could obtain it.

The defendants here insist that there is no liability on their part since the mortgagor did not pay or properly tender the redemption money. The cases cited above and on which they rely do not support this contention. The first case cited, Brown v. Smith, was an action to recover the possession of property which had been sold at foreclosure sale. The court held that there was no completed redemption because there had been no tender (kept good) and, therefore, the plaintiff was not entitled to the possession of the property. Norris v. German-American State Bank, supra, merely holds that a second mortgagee who redeems thereby acquires all the rights that accrued to the purchaser at the mortgage sale. In the Harth Case, supra, the mortgagor gave the required notice to the mortgagee who had foreclosed and sold the property. Within the five day period he assigned his equity of redemption to Harth who thereupon made a tender and a deposit of the amount he claimed was sufficient to redeem. This tender was refused on the ground that the amount tendered was insufficient. Harth then sued as for a conversion. The court held he could not recover because he had not tendered a sufficient amount. But in that case when the notice was served the property was retained as required by the statute and the question was as to whether there had been a sufficient tender to effect a redemption. In the instant case it is not contended that there was a completed redemption, or that there was a payment or tender of the amount required to redeem. The action is predicated on the theory that the plaintiff having given notice of his desire to redeem the defendants were under the statutory duty to hold the property for the five day period to enable him to do so. They did not so hold the property. On the contrary they turned it over to the purchasers "so that such property could not be restored" and thereby the plaintiff suffered damage. The complaint sets forth these facts. The demurrer admits them and all reasonable inferences of fact flowing therefrom. We are not here concerned with the form of the action nor with the extent of the damage suffered by the plaintiff. The single question is as to whether a good cause of action is stated. Manifestly, the complaint setting out the facts above stated shows a breach of the statutory duty owing to

the plaintiff on the part of the persons making the sale. This breach being shown plaintiff must be presumed to have suffered at least nominal damages. Bowman County v. McIntyre, 52 N. D. 225, 202 N. W. 651; Comp. Laws 1913, § 7184; 17 C. J. 720, et seq. So the complaint states a cause of action as against the defendants making the sale.

Order affirmed.

Birdzell, Burke and Burr, JJ., concur.

Christianson, Ch. J. (concurring). I agree with my associates that the complaint in this case states a cause of action against the defendants, Wanner and Slavik, for a breach of duty under § 8134, Comp. Laws 1913, entitling the plaintiff,. in any event, to recover nominal damages. I do not believe, however, that the complaint states a cause of action against the defendant, Citizens State Bank of Belfield. According to the complaint, Wanner and Slavik were the persons who conducted the chattel mortgage foreclosure sale. There is no allegation that the Citizens State Bank of Belfield directed the actions of Wanner and Slavik which it is claimed resulted in a breach of their statutory duty to the plaintiff. Section 8134, supra, does not place any duty upon the mortgagee as regards the retention of property where a notice of intention to redeem is given; that duty is imposed by the statute upon the persons making the sale, and upon such persons. alone.