JULIA MADDEN, Respondent, v. HARRY DUNBAR, et al., Defendants. STATE OF NORTH DAKOTA, Doing Business as The State Bonding Fund, Appellant.

. (201 N. W. 988.)

**States — claimant failing to present claim within sixty days after discovery of wrongful act of public employee waives liability of state bonding fund.**

1. Sections 7 and 9, chapter 158, Laws of 1919, construed and held to require a claimant, who intends to hold the State Bonding Fund liable for any default or wrongful act of a public employee, to present such claim to the Insurance Commissioner within sixty days after the discovery by such claimant of such default or wrongful act. The claimant waives his right to hold the State Bonding Fund liable by failing to present such claim within sixty days after the discovery of such default or wrongful act.

**States — complaint against state bonding fund for wrongful act of public employee held demurrable as not alleging presentation of claim within statutory time.**

2. Sections 7 and 9, supra, creating a condition precedent to claimant's right to recovery, construed and held to be mandatory.

That such condition precedent should be alleged in the complaint, either generally, as provided by § 7461 of the Compiled Laws of 1913, or specially; by alleging the date of the discovery of the default or wrongful act and that such claim was presented to the Insurance Commissioner within sixty days thereafter.

Where, in an action against the State Bonding Fund, as in the case at bar, a complaint fails to allege the performance of such condition precedent, the same does not state a cause of action and the demurrer should have been sustained.

Opinion filed December 29, 1924.

52 N. D.—5.

States, 36 Cyc. p. 901 n. 29; p. 920 n. 18 New.   Statutes, 36 Cyc. p. 1106 n. 29; p. 1107 n. 30, 31, 32, 33; p. 1115 n. 97, 98, 99, 1, 2; p. 1116 n. 3; p. 1129 n. 59.

Appeal from District Court of Burleigh County, *Coffey, J.*

Action by Julia Madden against Harry Dunbar, and the State Bonding Fund. From an order overruling a demurrer interposed by the State Bonding Fund to the complaint, defendant, State Bonding Fund appeals.

Reversed.

*C. L. Crum,* for appellant.

*F. E. McCurdy,* for respondent.

In most instances an owner is deemed qualified by that relationship to testify to the value of common classes of property. 22 C. J., §§ 683, 685; Patterson v. Railroad Co. 95 Minn. 57, 103 N. W. 621.

The overwhelming weight of authority supports the proposition that the rule of strictissimi juris, by which the rights of uncompensated sureties are determined, is not applicable to the contracts of surety companies, which make the matter of suretyship a business for profit; that their business is essentially that of insurance; and that therefore their rights and liabilities under their contracts will be governed by the laws of insurance. Hence, as declared in the above decision, if the contract of suretyship is ambiguous or fairly open to construction, it will be construed in favor of the assured. Hormel & Co. v. American Bonding Co. 112 Minn. 288, 128 N. W. 12.

The evidence may properly relate to any time prior or subsequent to that involved in the controversy, provided the Court regards the period as not too remote to be relevant, the length of the interval merely affecting the weight of the evidence. 22 C. J. 575; Paden v. Coldbaum (Cal.) 37 Pac. 759; Doane v. Garretson, 24 Iowa, 351; Central Branch Union P. R. Co. v. Andrews, 37 Kan. 162; Sanford v. Shepard, 14 Kan. 228; First Nat. Bank v. Coffin, 162 Mass. 180; Connor v. Levinson, 115 Mich. 297.

BERRY, Dist. J.   This is a civil action wherein Julia Madden is Plaintiff and Respondent, and Harry Dunbar, and the State of North Dakota, doing business as the State Bonding Fund, and the State of

North Dakota, doing business as the State Licensing Department of the state of North Dakota, are Defendants, and the State of North Dakota, doing business as the State Bonding Fund, is appellant.

The action was tried in Burleigh county, and judgment was entered in favor of the plaintiff and against the defendants on January 26th, 1924, for the sum of Thirty-three Hundred Dollars.

The facts in the case disclose that on the 5th day of May, 1921, in Stutsman County in this state, one M. J. Madden, together with two other parties, were transporting liquor in the Cadillac automobile involved in this action in violation of the Prohibition Law. That M. J. Madden was killed in his attempted arrest, and the two parties with him, Ed Dufek and James Smith, were arrested and the automobile was taken into the possession of the defendant, Harry Dunbar, as State Inspector. That at the time of the said taking on May 5th, 1921, Julia Madden, the plaintiff, was the owner of the said automobile and had been such owner for several weeks prior thereto and continued to be the owner of the automobile up to the time of the trial of this action. That shortly following the taking of the said automobile into his possession, the defendant, Harry Dunbar, in violation of his duty as State Inspector, converted the same to his own use. That in the month of September, 1921, the plaintiff, Julia Madden, made an application to the Court for the possession of the automobile under the provisions of Chapter 97 of the Session Laws of North Dakota, for 1921, and in support of said application made an affidavit wherein she set forth in full the fact that Harry Dunbar had unlawfully used the said automobile in connection with his official and private affairs, which affidavit sets forth among other things, the following: "That affiant is further informed and believes that the said automobile ever since its seizure has been and is in the possession of Harry Dunbar; that he, his deputies, agents and assistants are continuously using the same in the performance of the official duties of the office held by them; that affiant is informed and believes that such car is used by them for the purpose of running down whiskey runners; that by reason thereof it is subjected daily and constantly to possible serious damage and destruction; and that by virtue of the premises the value of the property will be greatly ·depreciated, if not entirely lost." See also cross examination of the plaintiff, Page 67 of transcript, as follows:

Q. I will just submit this exhibit (the affidavit above referred to) to you and ask you if you made an affidavit in substance to that effect?

A. Yes, I did.

Q. Then you knew the use to which this car was being put by Mr. Dunbar on the 6th day of September, 1921, did you not?

A. To the firm of Newton, Dullam & Young, I did.

Q. You knew that he was using it in his business chasing whiskey runners?

A. Yes, sir.

Q. And you knew of course that that was wrongful conduct on his part; you knew as a matter of law that he had no right to make such use of the car, didn't you?

A. Yes, sir.

Q. And that was back in 1921? A. Yes, sir.

Q. You filed your claim against the State Bonding fund in July, 1923, isn't that true? A. Yes.

That plaintiff's knowledge of the facts which constituted a default and wrongful act upon the part of the defendant, Harry Dunbar, as State Inspector, date from the time of the signing of the said affidavit by her on the 5th of September, 1921. That a judgment was entered in the district court of Stutsman county on July 12th, 1923, decreeing that Julia Madden is the owner of the car in question in this action and that she is entitled to the possession of the said car, which action was based on § 9, chapter 97, of the Session Laws of 1921. That a claim was filed with the Insurance Commissioner of the State of North Dakota by Plaintiff on July 30th, 1923. That the term of office of Harry Dunbar, as State Inspector, expired in December, 1921, and he ceased to be such officer during that month.

The specifications of error in this case may be classified under two heads. First; that the claim was not filed with the Commissioner of Insurance by the plaintiff immediately upon her acquiring knowledge of the misconduct of the State Inspector, or within sixty days thereafter. Second; that the evidence is insufficient to sustain the verdict of the jury and the judgment of the Court upon the ground that there

is not sufficient evidence to show the value of the car at the time of the alleged conversion by the State Inspector.

The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action, and the contention of the defendant, State Bonding Fund, is that the complaint did not contain an allegation that the plaintiff's claim was presented to the Commissioner of Insurance within sixty days after her acquiring knowledge of the misconduct of the State Inspector.

We will take up the first assignment of error, which is predicated upon chapter 158 of the Session Laws of 1919, § 7 of which, reads as follows:

"Immediately upon, and in no event later than sixty days after, the discovery of any default or wrongful act on the part of any public employee, for which the State Bonding Fund is or may become liable, the State Auditor, county auditor, city auditor, village, township or school district clerk, and any other officer having supervision of such public employee, shall, and any person injured by such default or wrongful act may, file with the Commissioner a claim against the State Bonding Fund. Such claim shall contain an abstract of the facts upon which the same is based, and shall be verified by the claimant or by someone in his or its behalf."

Also § 9, which reads as follows:

"No action shall be maintained against the State Bonding Fund upon any claim whatever, until the claim has been first presented for allowance as hereinbefore provided, and allowance thereof refused; provided, however, that the neglect or refusal of the Board of Audit to act upon any claim for a period of sixty days after its presentation for allowance, shall be deemed a refusal of the claim."

The contention of the plaintiff, Julia Madden, through her attorney in this action, is that when the judgment of the district court of Stutsman County was entered on the 12th day of July, 1923, decreeing that she was the owner of the Cadillac car in question, that that was the date from which the period of sixty days, referred to in § 7, supra, started to run, and accordingly she did file her claim with the State Bonding Department on July 30th, 1923, setting forth her claim against the State Bonding Fund for the default and wrongful acts

of the State Inspector, claiming that the damage to her by reason of
the conversion of the car by the defendant, Harry Dunbar, was Thirty-
three Hundred Dollars.

The contention of the State Bonding Department, through its at-
torney, is that the sixty day limitation started to run from the time
that she discovered the default and wrongful acts of the said Harry
Dunbar, and claims that she discovered the default and wrongful acts
of said Dunbar on the date that she signed the affidavit heretofore
referred to, which was September 5th, 1921.

The question therefore involves the construction of the foregoing
statute. Whether or not the concurrence of the two facts, viz., the
discovery of the default and the wrongful acts of the public officer
and also the ripening of the claim in such a form that the claimant
might bring an action thereon, is necessary, should be determined at
this time. She could not very well bring an action against Harry
Dunbar for his alleged conversion until after the court had determined
the question of her rights to the car, which was determined by the
court in an action in the district court of Stutsman County, on July,
12th, 1923.

The prohibition statute governing the seizure of automobiles un-
lawfully used in the transporting of liquor is contained in chapter 97
of the Session Laws of 1921, and provides that the officer making an
arrest of one transporting liquor in an automobile in violation of law,
shall take the automobile into his possession and securely keep the
same until the court determines whether or not it should be forfeited
to the State. Part of § 9, of said chapter, reads as follows: "If at
such hearing any claimant shall prove to the satisfaction of the Court
that he is the owner of such property or has a valid lien thereon, and
that he had no knowledge of the unlawful use of such automobile
. . . for such unlawful purpose, the same shall be surrendered to
him, if the owner." Hence, the questions before the court in the for-
feiture action to determine whether the automobile should be forfeited
by the State, were:

First; Who is the owner of the automobile? and,

Second; Did she have any knowledge of such unlawful purpose,
that is, did she have knowledge of the fact that this automobile was
used in transporting liquor in violation of the laws of the State of
North Dakota?

Evidently the court found that Julia Madden, the plaintiff herein, was the owner of the automobile, and also that she had no knowledge of its unlawful use.

If the date from which the sixty days limitation starts to run is the date of such adjudication in a case of this kind, then the plaintiff, Julia Madden, presented her claim to the State Bonding Department within the sixty days limitation; but, if on the other hand, the time when the limitation of sixty days started to run is the time that she discovered the default and wrongful acts upon the part of the State Inspector, Dunbar, then the statutory limitation must have started to run when she swore to the affidavit hereinbefore referred to on September 5th, 1921.

There is no question that the intention of the Legislature in requiring the presentation of a claim within sixty days following the discovery of any default or wrongful act upon the part of a public employee is for the purpose of furnishing the State Bonding Department with knowledge of the default, so that it might investigate the matter and protect itself, examine witnesses and records, and, if necessary to require the suspension or removal of such employee. If the claimant may wait until such time as the State's Attorney shall bring a forfeiture action to determine her rights to the automobile before she files her claim, and that period of time happens to be two years, the purpose of the statute, requiring the claim to be presented within sixty days, is defeated.

On the other hand, her claim was not ripe, you might say, until after the adjudication that she was the owner and had no knowledge of the unlawful purpose for which the automobile was used. Looking at the statute itself, § 7, of chapter 158, of the Session Laws of 1919, the section itself does not contemplate what you might call a ripened claim upon which suit at that time might be brought. The same reads as follows:

"Immediately upon, and in no event later than sixty days after, the discovery of any default or wrongful act on the part of any public employee for which the State Bonding Fund is or *may become liable.*"

The words "may become liable" seem to indicate that a claim should be presented to the bonding department of the State even

though it is not ripe, if the claimant intends to hold the State Bonding Fund liable.

There was some contention that she did not know that she was the owner of the car until the jury in the case in Stutsman County brought in its verdict. This contention is clearly unsound. The facts in the case at bar show that she was the owner at the time of the attempted arrest of her husband; that the car was purchased with her own money, and she certainly could not have been enlightened any more concerning the ownership of the car by the verdict of the jury or the judgment of the court on July 12th, 1923.

"A statute will be construed by the courts as the legislature has seen fit to express it in the language used in the act itself." State ex rel. Dillman v. Weide, 29 S. D. 109, 135 N. W. 696. "The great fundamental rule in construing statutes is to ascertain and give effect to the intention of the legislature. This intention, however, must be the intention as expressed in the statute, and where the meaning of the language used is plain, it must be given effect by the courts, or they would be assuming legislative authority." 36 Cyc. 1106. "The object of all statutory interpretation and construction is to ascertain and give effect to the legislative intention." State ex rel. Linde v. Taylor, 33 N. D. 76, L.R.A.1918B, 156, 165 N. W. 561, Ann. Cas. 1918A, 583; State ex rel. Erickson v. Burr, 16 N. D. 581, 113 N. W. 705; Fremont, E. & M. Valley R. Co. v. Pennington County, 22 S. D. 202, 116 N. W. 75.

Where the language used in the act itself is clear, plain and unambiguous, there is no room for construction. "It is a well settled rule that so long as the language used is unambiguous, a departure from its natural meaning is not justified by any consideration of its consequences, or of public policy, and it is the plain duty of the court to give it force and effect." 36 Cyc. 1114.

Applying the above rules of construction to this statute there does not appear to be any ambiguity whatever in the wording of the statute. The claim must be filed immediately upon or within sixty days after the discovery of any default or wrongful act upon the part of the public employee for which the State Bonding Fund is or may become liable. It does not say anything about any contingency that might prevent a claimant from bringing an action until a later date.

The date from which the sixty days limitation runs is the date of the discovery of any default or wrongful act upon the part of the public employee. There is no question concerning the intention of the Legislature which enacted the statute. It is plain, clear and unambiguous.

The demurrer is based upon this statute and the contention made by the defendant, State Bonding Department, is that a presentation of the claim within sixty days is mandatory. The second subdivision, § 9, chapter 158, provides "No action shall be maintained against the State Bonding Fund upon any claim whatever, until the claim has first been presented for allowance as hereinbefore provided, and allowance thereof refused, provided, however, that the neglect or refusal of the board of audit to act upon any claim for a period of sixty days after its presentation for allowance, shall be deemed a refusal of the claim."

If the construction contended for by the plaintiff is to be upheld in this case, then the presentation of a claim to the State Bonding Department is unnecessary. The learned counsel for the plaintiff evidently appreciated that fact because in his brief and in his oral argument, he is not seriously contending that it is necessary to present the claim at all, and he has taken the view that because the State has gone into the business of bonding its public employees, and the further reason that § 7, supra, provides that "any person injured by such default or wrongful act *may,* file with the commissioner of insurance a claim against the State Bonding Fund," that a claimant in a case of the kind at bar is thereby relieved from all obligation of filing a claim with the State Bonding Department. The Statute uses the word "may", instead of "must", implying that any other person may or may not, just as they see fit.

"It is the duty of the courts to harmonize conflicting statutory provisions so far as possible in order that effect may be given to the legislative intent." Minot v. Amundson, 22 N. D. 236, 133 N. W. 551.

This contention on the part of the learned counsel for the plaintiff is untenable, because the statute should be construed as a whole, and in the second sub-division of § 9 of said chapter it provides that "No

action shall be maintained against the State Bonding Fund upon any claim whatever until the claim has been presented for allowance as hereinbefore provided," etc.

Any person injured or sustaining damage by the default or wrongful act of a public employee, may, if he intends to hold the State Bonding Fund liable, present his claim to the insurance commissioner within the sixty days limitation, but he is not compelled to do so, as is the officer having supervision of the defaulting public employee; such officer, state auditor, county auditor, etc., is compelled and the statute makes it his official duty to present such claim to the Insurance Commissioner, but any other person waives his claim against the State Bonding Fund by failing to present his claim with the sixty days limitation.

The foregoing assignment of error is sufficient to determine this appeal. It will therefore not be necessary to consider any others.

In view of our conclusion in this appeal, that the demurrer should have been sustained, it is accordingly hereby sustained, and the trial court is directed to vacate the judgment against the State of North Dakota, doing business as the State Bonding Fund, and to enter judgment in its favor against the plaintiff, with costs.

BRONSON, Ch. J., and CHRISTIANSON and BIRDZELL, JJ., and JANSONIUS, Dist. J., concur.

NUESSLE and JOHNSON, JJ., being disqualified, did not participate; BERRY and JANSONIUS, District Judges, sitting in their stead.