BOWMAN COUNTY, a Political Subdivision of the State of North Dakota, and Anna M. Spire, Auditor of Bowman County, Respondents, v. WM. A. McINTYRE, and the State Bonding Fund of the State of North Dakota, State Bonding Fund of the State of North Dakota, Appellant.

(202 N. W. 651.)

**Statutory requirement — as to filing claim against State Bonding Fund is condition precedent to right of recovery.**

1. Sections 7 and 9 of chapter 158, Session Laws, 1919, providing that a claim against the State Bonding Fund shall be filed immediately upon and in no event later than sixty days after the discovery of any wrongful act on the part of any public employee for which the State Bonding Fund is or may become liable, are mandatory and create a condition precedent to a claimant's right of recovery. Madden v. Dunbar, ante, 65, 201 N. W. 988.

**Evidence — statutory presumptions held not to stand as against matters of fact to contrary, admitted on demurrer.**

2. The presumptions enumerated in § 7936, Comp. Laws, 1913 are disputable denominational presumptions and will not stand as against matters of fact to the contrary admitted on demurrer.

**States — allegation that claim against State Bonding Fund was duly presented held sufficient as against demurrer.**

3. Under § 7461, Comp. Laws, 1913, providing that in pleading the performance of conditions precedent in a contract it shall not be necessary to state the facts showing such performance but it may be stated generally that the party duly performed all the conditions on his part and if such allegations are controverted the party pleading shall be bound to establish on the trial the facts showing such performance, an allegation that a claim against the State Bonding Fund was duly presented is sufficient as against demurrer.

**Counties — deposit by county treasurer in bank in excess of amount of depository bonds, constitutes breach of his official bond.**

4. The deposit by a county treasurer of county funds in a depository bank in excess of the amount of depository bonds of such bank, contrary to the provisions of chapter 56, Session Laws, 1921, constitutes a breach of duty on the part of the treasurer and a breach of condition of his official bond issued by the State Bonding Fund under the provisions of chapter 158, Session Laws, 1919.

**States — complaint alleging breach of official bond is good as against demurrer without express allegation of damages.**

5. A complaint setting out a breach of an official bond issued under the pro-
52 N. D.—15.

visions of chapter 158, Session Laws, 1919 is good as against demurrer, though there is therein no express allegation of damages on account of the breach, since the law implies damages.

Opinion filed January 10, 1925.

Counties, 15 C. J. § 197 p. 521 n. 24.   Evidence, 22 C. J. § 26 p. 84 n. 68.   States, 36 Cyc. p. 868 n. 33.

Appeal from the District Court of Bowman County, *Lembke,* J.

From an order overruling a demurrer to the complaint, the defendant State Bonding Fund appeals.

Affirmed.

*Crum & Crum,* for appellants.

In declaring against a surety, the contract of the principal must be set out, and the breach of it and the damage, as if the action were against the principal.   16 Enc. Pl. & Pr. 932.

*Mark H. Amundson,* for respondents.

In order, indeed, that a remedy may become barred because of "laches" there must appear in addition to mere lapse of time some circumstances from which the defendant or some other person may be prejudiced or there must be such lapse of time that it may be reasonably supposed that such prejudice will occur if the remedy is allowed. Cahill v. Superior Ct. 145 Cal. 42, 78 Pac. 467.

In a general sense, the ascertainment of that which was previously unknown; the acquisition of notice or knowledge of given acts or facts; as in regard to the discovery of fraud affecting the running of the statute of limitations or the granting of a new trial for newly discovered evidence.

Discovery means actually discovering and "actually discovering" does not mean more than discovering.

It is elementary that a principal is not estopped to repudiate the act of his agent having limited power, so far as those acts transcend his authority, unless the principal has by his course of conduct clothed the agent with ostensible authority to do the particular act.   Bigelow, Estoppel, 598.

It is elementary that a county cannot be estopped by the wrongful or fraudulent acts of its officers or agents where the fraud or

wrong involves a betrayal of the very *interests* which they are elected or appointed to protect. Modern Steel Structural Co. v. Van Buren County, 126 Iowa, 606, 102 N. W. 536; Vail v. Amenia, 4 N. D. 239, 59 N. W. 1092.

It is sufficient to allege a failure to comply with the bond in a single respect and not in all respects. Furley v. Moran (Cal.) 31 Pac. 158.

NUESSLE, J. This appeal is from an order of the district court overruling the demurrer of the defendant State Bonding Fund to the plaintiff's complaint. The action is brought to recover on account of the alleged default of the defendant McIntyre as treasurer of the plaintiff county. The complaint alleges plaintiff's corporate capacity; that the defendant McIntyre was its duly qualified treasurer; that the defendant Bonding Fund issued his official bond under the provisions of chapter 158, Session Laws, 1919 providing for the bonding of public employees by a state bonding fund; that certain of the plaintiff's funds came to his hands as such treasurer; that the Farmers and Mechanics State Bank of Bowman county was a duly designated and qualified depository for county funds to the extent of $5,000; that between the second day of May, 1921 and the 13th day of April, 1923 the defendant McIntyre deposited funds of the plaintiff county 'in said bank in excess of the amount for which such bank was so designated and qualified as a depository, contrary to the provisions of chapter 56, Session Laws, 1921; that on the 13th day of April, 1923 the bank became and was insolvent and closed its doors; that on the 24th day of July, 1923 the board of commissioners of the plaintiff county discovered that such excess deposits had been so made and demanded of the defendant McIntyre that they be deposited according to law; that such demand was refused; that on the 7th day of August, 1923 the plaintiff county duly presented its claim on account thereof to the Commissioner of Insurance of the State of North Dakota, and demanded payment thereof in conformity with the bond of the defendants; that more than sixty days have elapsed since presentation and demand and that the defendants have wholly failed and neglected to pay or adjust such claim; and demands judgment for the amount of such claim against the defendants.

To this complaint the defendant State Bonding Fund demurred on the ground that the complaint failed to state facts sufficient to constitute a cause of action. This demurrer was overruled and from the order overruling the same the defendant Bonding Fund perfected the present appeal.

The appellant challenges the sufficiency of the complaint on two grounds; first, that under the provisions of §§ 7 and 9 of chapter 58, Session Laws, 1919, it is required that a claim against the Fund be filed "immediately upon and in no event later than sixty days after the discovery of any wrongful act on the part of any public employee for which the State Bonding Fund is or may become liable"; that the filing of such claim is a condition precedent to the maintenance of any action against the Fund and must be pleaded, and that it does not affirmatively appear upon the face of the complaint that the plaintiff's claim was so filed; and, second, that no default of the principal McIntyre is alleged in the complaint.

In the case of Madden v. Dunbar, just decided, ante, 65, 201 N. W. 988, this court held, as the appellant here contends, that the provisions of §§ 7 and 9 of chapter 158, Session Laws, 1919 are mandatory and create a condition precedent to a claimant's right of recovery. This being so, the question then arises as to whether in this particular case the plaintiff has sufficiently pleaded the presentation of its claim within the sixty-day period after discovery of the alleged default. It is the appellant's contention that the plaintiff has not so pleaded; that it affirmatively appears from the complaint that the deposits, on account of which the claim of default is grounded, were made prior to January 1, 1923; that under the provisions of § 3343, Comp. Laws, 1913 it was the duty of the board of county commissioners at its regular January meeting to examine the accounts of the county treasurer; that if such examination were made the facts with reference to the illegal deposits must have been discovered by and become known to the plaintiff county through its county board and, therefore, the presentation of the claim in August, 1923 was more than sixty days after the discovery of the alleged default. Appellant argues that it must be taken on this demurrer that there was a regular meeting of the county board in January, 1923 and an examination

of the treasurer's office and accounts at such meeting, because, presumptively, the commissioners obeyed the law and did their duty.

We think it may be said that it fairly appears from the complaint that the deposits complained of were made before January 1, 1923, but we cannot agree with the appellant's conclusion premised upon that fact. That official duty has been regularly performed and that the law has been obeyed are denominational presumptions. See § 7936, Comp. Laws, 1913, subsecs. 15 and 33. See also Walton v. Olson, 40 N. D. 571, 170 N. W. 107. The appellant grounds its contention upon these presumptions. But it is to be noted that the complaint specifically alleges that the commissioners did not discover such default until July 23, 1923. We think that, in the face of this positive allegation, the presumptions relied upon by the appellant must fall. These presumptions are disputable. They are purely evidentiary and must fall before credible evidence to the contrary. That being the case, the allegation as to the discovery by the county commissioners being admitted by the demurrer, the presumptions cannot avail, and the defendant's contention in this regard cannot be upheld.

The defendant further urges that under the provisions of § 7 of the Act, it was the duty of the county auditor to present the claims to the Bonding Fund within sixty days after date of discovery by him and that there is no allegation in the complaint negativing the discovery by the county auditor of Bowman county prior to the sixty-day period ending on August 7, 1923. Section 7461, Comp. Laws, 1913 provides that, in pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part, and if such allegations are controverted, the party pleading shall be bound to establish on the trial the facts showing such performance. Without passing upon the point made by the plaintiff that, under the provisions of § 7, discovery of the default by the auditor is not such a discovery as is contemplated by the statute or as will set in motion the sixty-day limitation, we think it sufficient to say that the plaintiff, by alleging that the claim was *duly* presented on the 7th day of August, 1923,

has complied with the requirements of § 7461, supra, and that the pleading is sufficient. See also Madden v. Dunbar, supra.

Let us now consider the second ground of demurrer, that is, that no default on the part of the principal is set out in the complaint. The conditions of the bond were that the defendant McIntyre "shall faithfully and impartially discharge and perform the duties of his said office or employment, including such duties as are or may be imposed upon him by law, and shall render a true account of all moneys and property of every kind that shall come into his hands as such public employee, and pay over and deliver the same according to law." See § 6, chap. 158, Session Laws, 1919, supra. Under the provisions of chapter 56, Session Laws, 1921, the deposit by the defendant McIntyre of county funds that came into his hands as the treasurer of the plaintiff county in the Farmers and Mechanics State Bank in excess of the amount of the bonds of such bank was illegal and constituted a breach of duty and a breach of one of the conditions of the bond. Slope County v. Douglas, 49 N. D. 1026, 194 N. W. 385. It is true that there is no express allegation in the complaint that the plaintiff was damaged by reason of such breach, nor as to the amount and extent of any damage suffered. Nevertheless, on demurrer we think that the complaint is sufficient as against such criticism. It appears plain that there was at least a technical breach of the bond, and it follows that there must have been at least nominal damage. See § 7184, Comp. Laws, 1913; Raymond v. Edelbrock, 15 N. D. 231, 107 N. W. 194. See also 9 C. J. pp. 98 and 130; 29 Cyc. pp. 1466 et seq.

We must, therefore, hold that the complaint is good as against the attacks thus made upon it by the appellant. The order of the District Court overruling the demurrer is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, JOHNSON, and BURKE, JJ., concur.