EFFIE I. FELCH, Appellant, v. S. A. OLSNESS, as Commissioner of Insurance of the State of North Dakota, and the State Bonding Fund, a Public Corporation, Respondents.

(204 N. W. 848.)

**State bonding fund — sheriffs and constables — claim against state bonding fund as bondsman for sheriff must be presented within 60 days after default or wrongful act on account of which liability is claimed.**

In an action against the State Bonding Fund as bondsman for a sheriff, it is held, following Madden v. Dunbar, 52 N. D. 65, 201 N. W. 988, that the claim against the Bonding Fund must, under § 7 of chapter 158 of the Session Laws of 1919, be presented within sixty days after the default or wrongful act on account of which liability is claimed.

Opinion filed July 15, 1925.

Sheriffs and Constables, 35 Cyc. p. 1967 n. 72 New.

Appeal from the District Court of Burke County, *Lowe, J.*
Affirmed.
*Palda & Aaker,* for appellant.

A claim must be presented to the Bonding Fund within sixty days after the wrongful act of which the claimant complains. Madden v. Dunbar, 52 N. D. 65, 201 N. W. 988; Bowman County v. McIntyre, 52 N. D. 225, 202 N. W. 651.

The sheriff is charged under the law with the duty of ultimately de-

livering the property to one of the parties in litigation, to be held by him pendente lite. The court, through its executive officer, lays its hand upon the property until the question of the right to the custody of the rest while the controversy over it remains unsettled, is determined. To assert the right of a stranger to the action to wrest the property from the sheriff's control is to proclaim the impotence of the court to protect its own jurisdiction and its own officers when obeying its commands. . . . In an event, one of the parties is, after a brief period during which the sheriff must hold the property, entitled to the possession thereof pendente lite. . . . The property is in the custody of the law, and cannot in judicial proceedings be seized by anyone, not even the owner thereof, when such owner is a stranger to the suit. Welter v. Jacobson, 7 N. D. 32, 66 Am. St. Rep. 632, 73 N. W. 65.

*Crum & Crum,* for respondents.

There is no question that the intention of the Legislature in requiring the presentation of a claim within sixty days following the discovery of any default or wrongful act upon the part of the public employee is for the purpose of furnishing the State Bonding Department with knowledge of the default so that it might investigate the matter and protect itself, examine witnesses and records, and if necessary to require the suspension or removal of such employee. If the claimant may wait until such time as the state's attorney shall bring a forfeiture to file her claim, and that period of time happens to be two years, the purpose of the statute, requiring the claim to be presented within sixty days is defeated. Madden v. Dunbar, 201 N. W. 988.

BIRDZELL, J. This is an appeal from a judgment entered pursuant to an order sustaining the defendants' demurrer to the complaint and dismissing the action. The appeal presents but a single question and that is whether or not the plaintiff presented his claim to the State Bonding Fund within the time required by statute. The defendant Bonding Fund was the surety on Drinkwater's bond. The complaint alleges that on or about October 24, 1922 one Drinkwater, acting in his official capacity as sheriff of Burke county, wrongfully converted certain property belonging to the plaintiff. It further alleges that on or about October 30, 1923, judgment was entered in the district court in favor of the plaintiff and against Drinkwater for the sum of $919.50

damages on account of the wrongful conversion occurring approximately a year before. It alleges the issuance of an execution and its return unsatisfied on April 16, 1924, and that thereafter, on or about the 19th of April, 1924, the plaintiff caused a duly verified proof of claim against the Bonding Fund to be mailed by registered mail to the Commissioner of Insurance; that more than sixty days have .elapsed since the proof of claim was filed and that the claim has not been acted upon and the judgment remains unsatisfied.

Section·7, chapter 158 of the Session Laws of 1919, with respect to the filing of claims against the state bonding fund, provides:

"Immediately upon, and in no event later than sixty days after, the discovery of any default or wrongful act on the part of any public employee for which the state bonding fund is or may become liable, the state auditor, county auditor, city auditor, . . . and any person injured by such default or wrongful act may, file with the commissioner a claim against the state bonding fund."

It has heretofore been held, Madden v. Dunbar, 52 N. D. 65, 201 N. W. 988, that this section creates a condition precedent to the claimant's right of recovery and that compliance therewith is mandatory and should be alleged in the complaint. Hence, there can be no question but what the complaint is defective in the failure to ·allege compliance with this section of the State Bonding Fund Act.

It is stated by the appellant, however, that the property seized and converted to the sheriff consisted of grain that was seized under claim and delivery papers issued in an action then pending against the husband of the plaintiff. It seems that the plaintiff's husband had given a mortgage upon the grain and that this plaintiff in that action served the sheriff with a third party claim; whereupon the plaintiff in the claim and delivery action gave to the sheriff a bond, as required by statute. The grain was later sold and the proceeds applied on the mortgage to the plaintiff in the claim and delivery action. In January, 1923, this plaintiff commenced action against the sheriff and judgment was entered against the defendant the following October for $919.50. From these facts it is argued that the sheriff was guilty of no default or wrongful act, within § 7 of chapter 158, which would start the sixty-day period running. It is said that the sheriff simply performed his official duty. We are clearly of the opinion that this contention can not

prevail. The conversion action against the sheriff is predicated upon the wrongful seizure of the plaintiff's property and it affirmatively appears that this seizure was known to the plaintiff at the time. But, even though this point be ruled in favor of the plaintiff and appellant, it still appears that a judgment was obtained against the sheriff on October 3, 1923, based upon the earlier conversion and that there was no notice to the bonding department, until April 17, 1924, shortly after the execution had been returned unsatisfied. The sheriff was, of course, in default at the time the judgment was rendered and not merely from the time the execution was returned unsatisfied. Hence, we are of the opinion that this case is controlled by the case of Madden v. Dunbar, supra.

The judgment and order appealed from are affirmed.

CHRISTIANSON, Ch. J., and JOHNSON, BURKE, and NUESSLE, JJ., concur.