CHRISTIANSON, Ch. J., and BURKE, JOHNSON, and NUESSLE, JJ., concur.

---

BURKE COUNTY, NORTH DAKOTA, a Municipal Corporation, Respondent, v. IVER ENGET and the State Bonding Fund of the State of North Dakota Defendant. STATE BONDING FUND OF THE STATE OF NORTH DAKOTA, Appellant.

(209 N. W. 362.)

**Pleadings — complaint states a cause of action.**

Complaint examined and, for reasons stated in the opinion, held to state a cause of action.

Opinion filed May 1, 1926.

Counties, 15 C. J. § 207 p. 526 n. 31, 38.

Appeal from the District Court of Burke County, *Lowe, J.*
Affirmed.

*Crum & Crum,* for appellant.

"The deposit by a county treasurer of county funds in a depository bank in excess of the amount of depository bonds of such bank, contrary to the provisions of chapter 56, Sess. Laws 1921, constitutes a breach of duty on the part of the treasurer, and a breach of condition of his official bond issued by the state bonding fund under the provision of chapter 158, Sess. Laws 1919." Bowman County v. McIntyre, 202 N. W. 651.

"The word 'discovery' as used in this statute is not convertible with knowledge. If there was notice of facts, or if there was information that put plaintiff on inquiry that would have led to knowledge, there was a 'discovery' within the meaning of the statute, and the plaintiff must be charged with knowledge or notice of every thing to which such inquiry might have led." Roether v. National F. Ins. Co. 200 N. W. 818.

"It is a general rule that specific averments in a pleading must be given precedence over general averments, in as much as the general allegations are to be deemed, explained, limited and controlled by the special allegations." 31 R. C. L. 450.

*B. L. Wilson,* for respondent.

"That such condition precedent should be alleged in the complaint, either generally, as provided by § 7461, Comp. Laws for 1913, or specifically, by alleging the date of the discovery of the default and the wrongful act, and that such claim was presented to the insurance company within sixty days thereafter." Madden v. Dunbar, 201 N. W. 988.

"It will be presumed, in the absence of proof to the contrary, that the bank, being at that time a going institution, receiving deposits and paying out moneys in the usual way, had funds on hand with which to pay the checks of its depositors in the usual manner." Shafer v. Olson (N. D.) 139 N. W. 983.

"The word 'discovery' as used in said section means, 'to obtain for the first time knowledge of,' 'to know,' 'to have ascertained,' 'to be aware of,' 'to find out.' Actual notice would impart knowledge; knowl-

edge could be acquired without actual notice." Roether v. National F. Ins. Co. 200 N. W. 818.

JOHNSON, J. Plaintiff commenced an action against the treasurer of Burke county, and the state bonding fund, as defendants, alleging defaults within the provisions of the official bond. The state bonding fund demurred on the ground that the complaint failed to state a cause of action. From an order overruling the demurrer and from the judgment entered, the bonding fund prosecutes this appeal.

The appellant contends that the complaint is faulty in two respects; first, that there is no allegation that the treasurer unlawfully deposited any funds in the Burke County State Bank; and, second, that the complaint affirmatively shows that the claim was not filed with the state bonding fund until more than sixty days had passed after knowledge by the county of the alleged official misconduct.

The first ground of objection is obviously without merit. It is specifically alleged in the complaint that the commissioners of Burke county, by resolutions duly adopted, instructed the treasurer to withdraw county funds from the Burke County State Bank, unless an adequate surety bond were provided; that the treasurer had knowledge of these resolutions; and that although the bank failed and neglected to furnish such a bond, there remained on deposit in the bank at the time it closed in April, 1924, approximately $27,000. This, in our opinion, is clearly a sufficient allegation of default on the part of the bonded official. Manifestly, he failed to withdraw county funds notwithstanding instructions from the county commissioners.

The other ground urged is, we believe, likewise without merit, but to present clearly the substance of the objections and the reasons for its legal invalidity, it will be necessary to refer in some detail to the allegations of the complaint. The pleading alleges that at all the times referred to therein, defendant Enget was the duly qualified and acting treasurer of Burke county; that he was bonded in the sum of $50,000, by the state bonding fund; that the treasurer, since May, 1923, deposited the funds of Burke county in the Burke County State Bank and at the present time has on deposit therein, $27,907.30 of such funds; that on January 5, 1922, the bank was designated a legal depository of public funds and that on that date a surety bond was

executed by the bank as required of public depositories; that on July 16, 1923, pursuant to chapter 199, Sess. Laws 1923, the bank was again designated a depository and was required to file with the auditor, a surety bond, equal to the amount deposited in the bank, and that on that date, the defendant treasurer was instructed to procure such a bond in lieu of the bond procured in 1922, which was executed by personal surety. It was the intention, apparently, as we glean it from the complaint, that a surety company bond be furnished, pursuant to the resolution of July 16, 1923. At the same time, that is, in July, 1923, the treasurer was instructed to withdraw all public funds from the bank, unless such a bond were provided. It is then alleged that Enget had personal knowledge of "each and all of the motions, resolutions, instructions and directions made, passed or given, as aforesaid, by the said board of county commissioners and the said Iver Enget was on many occasions, orally instructed by the said county commissioners, to withdraw all Burke county public funds from said depository bank." It is alleged that the bank failed, neglected and refused to file a surety bond as required and that, notwithstanding the failure of the bank to qualify as a depository under the act above referred to and to furnish a surety bond as required, the defendant treasurer "has from time to time, since on or about the first day of March, 1923, deposited large sums of public moneys belonging to said Burke county . . . in the said Burke County State Bank . ' . . and that at the present time, the said Iver Enget . . . has on deposit in said Burke County State Bank . . . belonging to said Burke county, North Dakota, the sum of $27,907.30." It is alleged that the bank has failed and been unable to meet demands upon it since the 29th day of April, 1924, and that the bank is insolvent; that on May 1, 1924, the bank refused to pay a draft on it for approximately $27,000 of county funds, and that the bank in all things refused to pay the deposit to the county treasurer; that in making the deposit as aforesaid, the defendant treasurer failed to faithfully discharge his duties, that in consequence liability arose under the bond, and that he was "negligent and did not exercise due diligence in the performance of his duties as such county treasurer." Paragraph twelve of the complaint is of material importance. It reads:

"That on or about the 9th day of June A. D. 1924 *and within sixty*

*days after the discovery of the default* and wrongful acts hereinbefore set forth on the part of the defendant, Iver Enget, the said plaintiff duly presented its claim as herein set forth to the commissioner of insurance of the state of North Dakota and the state bonding fund of the state of North Dakota, which said claim was duly verified by the county auditor of Burke county, North Dakota, and contained an abstract of the facts hereinbefore set forth and demanded payment thereof in conformity with the bonds of said defendant, Iver Enget, and that more than sixty (60) days have elapsed since said presentation and demand and that said defendants have failed and refused to adjust said demands as aforesaid." (Emphasis is ours.)

Counsel for the state bonding fund bases his contention that the complaint shows upon its face that notice was not given to the Bonding Department within sixty days after knowledge of the default, largely upon allegations of paragraph twelve, to wit: that the claim was filed on or about June 9, 1924, and that the inference is necessary from the facts stated in the complaint that the county and the county officials had knowledge of the treasurer's defaults several months and more than sixty days prior to June 9, 1924.

If the claim was not filed until more than sixty days had elapsed after knowledge of the default, the bonding fund is not liable. Sess. Laws 1919, chap. 158, §§ 7 and 9; Madden v. Dunbar, 52 N. D. 75, 201 N. W. 988; Felch v. Olsness, 53 N. D. 18, 204 N. W. 848.

After careful consideration of the complaint we are constrained to the conclusion that it states a cause of action. While the facts alleged are strongly suggestive of discovery of the default more than 60 days prior to the filing of the claim, there is an explicit allegation to the contrary and we do not deem it overcome by statements of specific facts. Comp. Laws 1913, §§ 7458 and 7461; Bowman County v. McIntyre, 52 N. D. 225, 202 N. W. 651.

The judgment is affirmed.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.