[File No. 6586.]

STATE OF NORTH DAKOTA, Respondent, v. SYVERT HAL-
VERSON, Doing Business as Halverson Ice Company, Appellant.

(285 N. W. 292.)

Opinion filed April 3, 1939.

*Alvin C. Strutz,* Attorney General, and *A. M. Kuhfeld,* Assistant
Attorney General, for respondent.

*A. F. Greffenius* and *Ritchie & Ritchie,* for appellant.

MORRIS, J.  The defendant is engaged in the business of harvesting,
selling and dealing in ice, which is a hazardous employment coming
within the purview of the Workmen's Compensation Act.  He employs
various persons in the conduct of his business.  Pursuant to the fixed
and published Workmen's Compensation Insurance Rates and Sched-
ules, the defendant became liable to the North Dakota Workmen's Com-
pensation Fund for certain premiums designated in pay-in orders is-
sued by the Workmen's Compensation Bureau.  This action was insti-
tuted on August 26, 1937, to collect from the defendant premiums set
forth in eight of such orders together with penalties thereon.  The or-
ders were issued between the included dates of December 31, 1929,
and March 12, 1937.  The defendant pleads two defenses.  The first
defense is applicable to all orders issued prior to August 26, 1931.  It

sets up that the cause of action based upon such pay-in orders did not accrue within six years prior to the commencement of the action, thus presenting the defense of the general statute of limitations provided by § 7375, N. D. Compiled Laws 1913, as amended by chapter 233, N. D. Session Laws 1935. The trial court sustained this defense, and disallowed all items based upon premiums that accrued prior to August 26, 1931.

As to the remaining premiums, being four in number, represented by pay-in orders issued between the included dates of January 4, 1934, and March 12, 1937, representing aggregate premiums of $224.50 upon which penalties accrued amounting to $304, the defendant urges that suits for the enforcement of the collection thereof are governed by chapter 315, N. D. Session Laws 1931. This chapter provides for the determination of the premiums by the bureau, the issuance of pay-in orders, and the manner of notifying employers of the amount due. The portion of this law upon which the defendant relies, provides that,

"Within twenty (20) days after any such default the Bureau shall cause suit to be brought for the collection of the premium and accrued penalties, together with further accruing penalties, in the courts of Burleigh County, North Dakota, or in the courts of any county in which such employer is engaged in business; and, in such suits, it shall be unnecessary to comply with the provisions of chapter 38 of the Session Laws of North Dakota for the year 1921, and acts amendatory thereof, known as the Conciliation Law.

"The payment of any judgment rendered in any such action, or the voluntary payment of the amount of premium, penalties and costs prior to judgment, shall entitle the employer, and the employees of such employer, to the benefits of the act from the date of such pay-in-order. If the judgment cannot be paid in full, the Bureau shall determine the date upon which the right of the employees to participate in the Fund shall cease."

The defendant pleads that the failure of the bureau to cause suit to be brought for the premiums involved within twenty days after the default of the employer bars the bureau from maintaining this action. The trial court ruled against this contention and ordered judgment for the premiums accruing within six years from the commencement of this

action and penalties thereon. From the judgment entered for these premiums and penalties, the defendant appeals.

The question before us is whether chapter 315, N. D. Session Laws 1931, making it the duty of the bureau to cause a suit to be brought for the collection of premiums and accrued penalties within twenty days after the default of the employer, may be pleaded as a bar to a suit brought after the period of twenty days has elapsed. It is argued by the defendant that the statute in question is either a statute of limitations or creates a condition precedent which must be complied with before suit can be maintained by the bureau. It is clearly not a statute of limitations. It does not purport to bar the right of the bureau to bring action after the lapse of twenty days but merely places upon the bureau the duty to cause suit to be brought within that time. The purpose of the statute is to expedite the conduct of the administrative affairs of the bureau for the benefit of the Workmen's Compensation Fund. It is not for the benefit of the defaulting employer. It may be generally stated that the purpose of statutes of limitation is to prevent the enforcement of stale demands when through lapse of time evidence concerning their true status has become lost or difficult to procure. Scott v. District Ct. 15 N. D. 259, 107 N. W. 61. Certainly it cannot be argued that the lapse of twenty days adds to the difficulties of prosecuting or defending against an action for premiums. The reason which usually prompts the enactment of a statute of limitations is wholly absent in this case. On the other hand, the nature of the Workmen's Compensation Act and the fund which is the basis of its successful operations, indicates that in order that a fund be maintained from which benefits to employees are paid, collection of premiums must be made with reasonable promptness. The obligation rests upon the bureau to administer the fund both as to collection and disbursement. A twenty day statute of limitations would hinder rather than aid administration. It would compel the bureau in every instance to bring suit immediately, even upon the smallest claim, under penalty of losing the amount of premium if suit were not brought. Many claims are small and single premiums often do not amount to the cost of collection by suit. A statute of limitations, such as contended for by the appellant, would constitute an incentive to employers to default upon small premiums with the idea in mind that the bureau could not afford to

bring suit for a single premium of small amount and that after twenty days the statute of limitations would forever constitute a bar to the enforcement of collection. It is clear that the statute in question is not a statute of limitations which may be taken advantage of by the defaulting employer to the detriment of the Workmen's Compensation Fund, but that it is a protective statute intended to impress upon the bureau the duty of making prompt collection of premiums for the benefit of the fund.

The appellant lays much stress upon the argument that the statute creates a condition precedent to the bringing of an action for premiums by the bureau. Much that we have said with reference to a statute of limitations applies equally to this contention. The appellant cites Madden v. Dunbar, 52 N. D. 65, 201 N. W. 988 and Felch v. Olsness, 53 N. D. 18, 204 N. W. 848, as authority for his contention that the statute constitutes a condition precedent. Those cases deal with the State Bonding Fund administered under the provisions of chapter 158, N. D. Sessions Laws 1919. That statute provides for the filing of claims against the State Bonding Fund within sixty days after the discovery of any default or wrongful act upon which a claim against the fund is based. The statute then provides, "No action shall be maintained against the State Bonding Fund upon any claim whatever, until the claim has been first presented for allowance as hereinbefore provided, and allowance thereof refused; provided, however, that the neglect or refusal of the Board of Audit to act upon any claim for a period of sixty days after its presentation for allowance, shall be deemed a refusal of the claim." In the cases cited the court held that the statute created a condition precedent to a claimant's right of recovery against the State Bonding Fund. That statute specifically provides that no action shall be maintained until the claim has been presented for allowance. The time within which presentation may be made is fixed at sixty days. In the Workmen's Compensation Statute there appears no prohibition against the bringing of an action, but merely a statement making it the duty of the bureau to institute the action within twenty days. A condition precedent in the sense that the term is used in the Bonding Fund cases, is a condition "which is to be performed before some right dependent thereon accrues." Black's Law Dictionary, 3d ed.

The right to maintain a suit against the Bonding Fund does not accrue until there has been a presentation and refusal. Under the Workmen's Compensation Act the right to maintain an action against a defaulting employer for premiums accrues upon the default in payment. The statute enjoins upon the bureau the duty to bring the action within twenty days but does not purport to destroy or bar the right of action if suit is not brought within that time. To construe the statute in question as one of limitation or that fixes a condition precedent to the maintenance of an action would be to read into it a meaning that is neither expressed nor implied therein, and one which would benefit the defaulting employer to the detriment of the fund; a result clearly not intended by the legislature.

Affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, BURR, and BURKE, JJ., concur.